# Exhibit B

☐ COPY

FILED
Loren Jackson
District Clerk

SEP 13 2010

Time: 4:30 p.m.
Harris County, Texas
By_____ Deputy

CAUSE NO. 2010 58989

| | | |
|---|---|---|
| MIKOB PROPERTIES, INC. AND ASHFORD EST. PARTNERS, LTD WISTERIA AND COMUNIDAD WISTERIA GARDENS, LLC | § § § § § § | IN THE DISTRICT COURT OF |
| vs. | § § | HARRIS COUNTY, TEXAS |
| MAX SPECIALTY INSURANCE COMPANY and ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC. | § § § § § | _11_ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Mikob Properties, Inc. and Ashford Est. Partners, Ltd Wisteria and Comunidad Wisteria Gardens, LLC (hereinafter sometimes referred to as "Plaintiff"), who files this *Original Petition* and *Request for Disclosure* against Max Specialty Insurance Company (hereinafter sometimes referred to as "Max Specialty"), and Arthur J. Gallagher Risk Management Services, Inc. (hereinafter referred to as "Gallagher") and for cause of action would show the following:

### A. DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

### B. PARTIES

2. Plaintiff is a resident of Houston, Harris County, Texas.

3. Defendant, MAX SPECIALTY INSURANCE COMPANY, is a foreign corporation organized and existing under the laws of the State of Delaware and does not

1

maintain a regular place of business or a designated agent for service of process in Texas. Defendant has sufficient contacts with Texas under the Long-Arm Statute, and therefore may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701. Defendant's home office address is, 9020 Stony Point Parkway, Suite 325, Richmond, Virginia 23235.

4. Arthur J. Gallagher Risk Management Services, Inc. is a foreign corporation in the business of brokering insurance and is licensed to do insurance business and is doing insurance business in the State of Texas, and may be served by serving its registered agent for service of process: Commissioner of Insurance, 333 Guadalupe Street, Austin, Texas 78701-3938.

### C. JURISDICTION

5. This court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the court.

6. The court has jurisdiction over the defendants because Defendant engages in the business of insurance in Texas and the cause of action arises out of its business activities in Texas.

### D. VENUE

7. Venue is proper in Harris County, Texas because:

   a. The property which was insured by Defendant, and which sustained damages as a result of Hurricane Ike, is located in Harris County, Texas;

   b. The damage to Plaintiff for which it made a claim to Defendant for insurance proceeds was incurred in Harris County, Texas as a result of a hurricane that traveled through Harris County, Texas;

   c. Plaintiff makes claims of unfair claims handling practices and the claim made the basis of the suit was adjusted, if it was properly adjusted, by

representatives of Defendant, who conducted claim handling activities in Harris County, Texas;

d. This case involves a breach of contract and deceptive trade practices where the breach and deceptive acts occurred in Harris County, Texas.

### E. FACTS

8. Plaintiff is the owner of a commercial insurance policy issued by Max Specialty, Policy No. MAX3XP001364 (hereinafter sometimes referred to as "THE POLICY") for the policy period that included September 12-13, 2008. Plaintiff owns the insured property located at 611 N. Dairy Ashford, Houston, Harris County Texas (hereinafter sometimes referred to as "THE BUILDING").

8. Defendant sold THE POLICY insuring THE BUILDING for damages resulting from Hurricane Ike, including, without limitation, the physical damage, loss of income and expenses of processing the claim, all of which are more particularly described in THE POLICY. Plaintiff paid all premiums when due and was issued THE POLICY, which was in full force and effect at the time that the damages were sustained as a result of Hurricane Ike.

9. As a result of Hurricane Ike, which struck southeast Texas on September 12-13, 2008, Plaintiff suffered losses covered under THE POLICY. THE BUILDING sustained catastrophic damages. Plaintiff suffered losses covered under THE POLICY, including, without limitation, structure damages. Plaintiff sustained damages for mitigation of damages or temporary repairs to THE BUILDING. Plaintiff continues to suffer damages which are covered under THE POLICY.

10. Plaintiff timely reported this loss to Max Specialty. At all times Plaintiff cooperated with Max Specialty in adjusting this claim.

11.  Despite having received the documentation of the losses caused by Hurricane Ike, Max Specialty has failed and refused to pay the full amount of the claim that it is due.

12.  Max Specialty has failed to properly adjust this claim and summarily improperly paid the claim with obvious knowledge and evidence of serious cosmetic and structural damage.

13.  Such conduct constitutes breach of the insurance contract between Plaintiff and Max Specialty.

## F. CAUSES OF ACTION AGAINST MAX SPECIALTY

### COUNT I
### BREACH OF CONTRACT BY DEFENDANT

14.  Paragraphs 1 through 13 are incorporated by reference.

15.  The conduct of Max Specialty, as described above, constitutes a breach of the insurance contract made between Max Specialty and Plaintiff.

16.  Max Specialty's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of THE POLICY and under the laws of the State of Texas, constitutes material breaches of the insurance contract with Plaintiff. Max Specialty's breach of the contract proximately caused Plaintiff to suffer damages in the form of actual damages, consequential damages, along with reasonable and necessary attorney's fees. Plaintiff has complied with all obligations and conditions required of it under the insurance contract.

### COUNT II
### VIOLATIONS OF THE TEXAS INSURANCE CODE BY DEFENDANT

17.  Paragraphs 1 through 16 are incorporated by reference.

18. Based upon information now in Plaintiff's possession, Plaintiff believes the conduct of Max Specialty constitutes violations of Chapters 541 and 542 of the Texas Insurance Code as well as violations of the Texas Deceptive Trade Practices Act. Once Plaintiff has had an opportunity to fully discover the case, Plaintiff will be able to more specifically allege these violations.

## COUNT III
## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALINGS BY DEFENDANT

19. Paragraphs 1 through 18 are incorporated by reference.

20. Max Specialty, as an insurer subject to the laws of the State of Texas, owed to Plaintiff the duty to deal with it fairly and in good faith.

21. Based upon information now in Plaintiff's possession, Plaintiff believes the conduct of Max Specialty constitutes breach of the duty of good faith and fair dealing. Once Plaintiff has had an opportunity to fully discover the case, Plaintiff will be able to more specifically allege these violations.

### G. CAUSES OF ACTION AGAINST ARTHUR J. GALLAGHER

22. On or about April 1, 2008, Plaintiff purchased a windstorm insurance policy through Gallagher to cover the policy period including the date that Hurricane Ike came ashore along the southern Gulf coast. Gallagher represented to Plaintiff that Plaintiff was buying a single policy on its property with a single limit and a single premium. Plaintiff was not informed that the policy was a group policy that many other commercial property owners were part of. Plaintiff was not informed that the group policy had certain levels of insurance limits and that the upper levels of coverage had exclusions not contained in the first level of coverage.

23. Plaintiff did not discover these facts until after suffering damage from Hurricane Ike.

## COUNT I
## DECEPTIVE TRADE PRACTICES ACT

24. Plaintiff alleges that Gallagher is liable to Plaintiff for violations of the Texas Deceptive Trade Practices Act. Plaintiff made a written demand on defendants as required by the Texas Deceptive Trade Practices Act and all conditions precedent have occurred. Plaintiff is a consumer as defined in the act. Gallagher committed various acts which constitute deceptive trade practices, including, but not limited to 1) representing that services were of a particular quality when they were of another; 2) representing that the insurance policy conferred rights that it did have; 3) failing to disclose information about goods and services that was known at the time of the transaction with the intention to induce Plaintiff into a transaction he otherwise would not have entered into if the information had been disclosed; 4) engaging in an unconscionable action or course of action that was a producing cause of damages to Plaintiff and violation of the Texas Insurance Code. As a result of Gallagher's conduct, Plaintiff suffered actual damages, including cost of repair and attorney's fees. Gallagher's conduct was committed knowingly, or in the alternative, intentionally, and therefore defendants are liable for additional damages (treble damages) and attorney fees under the Act.

## COUNT II
## MISREPRESENTATION

25. Gallagher is liable to the Plaintiff under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation. Gallagher did not inform Plaintiff that it was buying into a group, multi-layer, pool insurance policy with layers of policy limits and exclusions of coverage not excluded in the first layer. These misrepresentations were

6

made with the intention that it should be acted on by the Plaintiff. Plaintiff relied on the misrepresentation to their detriment. As a result, Plaintiff has suffered damages to its property and cannot collect insurance proceeds. At a minimum, Gallagher is liable for these damages, plus additional damages, plus attorney's fees.

## COUNT III
## BREACH OF FIDUCIARY DUTY

26. Gallagher and Plaintiff had a fiduciary relationship, or in the alternative, a relationship of trust and confidence. As a result, Gallagher owed Plaintiff a duty of good faith and fair dealing. Gallagher breached that fiduciary in that 1) the transaction was not fair and equitable to Plaintiff; 2) Gallagher did not make reasonable use of the confidence that Plaintiff placed in them; 3) Gallagher did not act in the utmost good faith and did not exercise the most scrupulous honesty toward Plaintiff; 4) Gallagher did not place the interests of Plaintiff before their own, and they used the advantage of their position to gain a benefit for themselves at the expense of Plaintiff, 5) Gallagher placed itself in a position where its own interest might conflict with obligations as a fiduciary; and 5) Gallagher did not fully and fairly disclose all important information to Plaintiff concerning the sale of the policy. Gallagher is liable to Plaintiff for Plaintiff's damages for breach of fiduciary duty, which damages were caused by her conduct.

## H. REQUEST FOR DISCLOSURE

27. Paragraphs 1 through 26 are incorporated by reference.

28. Pursuant to TRCP Rule 194, Plaintiff requests that defendants disclose the materials described in TRCP Rule 194.2.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF, pray that Defendants be cited to appear and answer herein as the law directs, and that upon final hearing and trial by jury, PLAINTIFF have and recover of and from the Defendants, jointly and severally, all items of

damages which are in excess of the minimum jurisdictional limits of this Court, together with treble damages, additional damages, statutory interest, penalties, costs of Court, pre-judgment interest, post-judgment interest, and attorneys fees, and that PLAINTIFF be entitled to such other and further relief, both at law and in equity, to which she may show herself justly entitled.

Respectfully submitted

Patrick C. McGinnis
**GAUTHIER, HOUGHTALING & WILLIAMS, LLP**
2323 S. Shepherd, Suite 1002
Houston, Texas 77019
Telephone: (713) 343-1614
Facsimile: (713) 630-8074

By: _____
Patrick C. McGinnis
State Bar No. 13631900

ATTORNEY FOR PLAINTIFF

## JURY DEMAND

Plaintiffs respectfully demand a trial by jury.

_____
Patrick C. McGinnis